**Dennis HARRIS, Plaintiff,**

v.

**THE CITY OF NEW YORK, Gilbert Jamison, individually and in his official capacity as a member of the legal division of the New York City Department of Corrections, Barbara Varin, individually and in her official capaci-ty as Inmate Records Coordinator at Franklin Correctional Facility, Eugene S. Lefevre, individually and in his official capacity as Superintendent of Franklin Correctional Facility, Defendants.**

**No. 95 CIV. 6862(JSR).**

United States District Court,
S.D. New York.

March 29, 1999.

Jamie Levitt, Morrison & Foerster LLP, New York City, for Plaintiff.

John P. Barry, Asst. Atty. General of New York, New York City, for Defendants Barbara Varin and Eugene LeFevre.

Amy B. Regan, Asst. Corporation Counsel of City of New York, New York City, for Defendant New York City and Gilbert Jamison.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff Dennis Harris, a former prisoner of the State of New York Department of Correctional Services, brings this suit against the City of New York and various City and State officials, alleging that defendants deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 and that he is entitled to damages therefor. Specifically, Harris claims that defendants unconstitutionally delayed his eligibility for parole at the minimum term of a 1992 prison sentence by failing to give him credit for previously uncredited time he had spent in jail in connection with unrelated charges for which he was sentenced in 1988. On March 31, 1998, the Honorable Naomi Reice Buchwald, United States Magistrate Judge, issued a Report and Recommendation concluding that a prisoner has no protected liberty interest in being timely considered for parole and recommending on that basis that plaintiff's claim be dismissed for failure to state a cause of action. Thereafter, however, the Court, having reviewed Magistrate Judge Buchwald's Report and Recommendation, the parties' objections and submissions thereto, and the underlying record, concluded that still other issues needed to be considered and ordered briefing thereon. Having now considered the parties' subsequent submissions, the Court finds it unnecessary to reach the constitutional issue raised by plaintiff but instead determines that plaintiff's claim must be dismissed for reasons different from those set forth in the Report and Recommendation.

The pertinent facts are as follows. In 1987, Harris was sentenced in the New York state courts to concurrent indeterminate terms of one to three years for the attempted sale of a controlled substance and for attempted armed robbery ("the 1987 sentence"). As a result of receiving credit for certain time spent in jail awaiting disposition of these charges, Harris was paroled on September 17, 1987. While on parole, Harris was arrested again for the sale of a controlled substance and spent 338 days in jail before being sentenced on that charge to an indeterminate term of two to four years consecutive to his prior sentence ("the 1988 sentence"). Harris was paroled on this second sentence on September 19, 1991, a date he claims did not take full account of the 338 days he spent in pre-sentence detention on that charge. While on parole, Harris was arrested yet again for the sale of a controlled substance and was ultimately sentenced to two indeterminate terms of two-and-a-half to five years, to run concurrent with each other but consecutive to his prior sentences ("the 1992 sentence"). Finally, on January 22, 1996, Harris was paroled from the last of these three sentences.

Although Harris was first considered for his latest parole on what the state authorities had calculated was the earliest possible date, Harris nonetheless claims that his eligibility for parole with respect to the 1992 sentence was unconstitutionally delayed because he was not credited with the uncredited portion of the 338 days he spent in jail prior to the 1988 sentence. Claiming that he thus spent more time in prison on the 1992 sentence than he otherwise might have, he seeks damages.

Plaintiff, however, was not entitled to the credit he claims. New York Penal Law § 70.30(3) provides that the fixed minimum term "of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence *as a result of the charge that culminated in that sentence.*" (emphasis added). In the instant case, the credit plaintiff claims he was denied relates to jail time he served as a result of his arrest on the charges that ultimately culminated in his 1988 sentence. Having served the fixed minimum term of his 1988 sentence and having been released on parole from that sentence in 1991, plaintiff had no right under § 70.30(3) to have uncredited jail time

from that charge carried forward as a credit against a sentence subsequently imposed in 1992 upon his conviction on unrelated charges.

In response to this argument, plaintiff asserts that the imposition of his 1992 sentence required prison officials, pursuant to N.Y. Penal Law § 70.30(1)(b), to aggregate both the minimum and maximum terms of his outstanding indeterminate sentences, creating a single sentence with a minimum and maximum term that represented "an amalgam of the 1987, 1988 and 1992 sentences." *See* Pl.'s Supplemental Mem. in Supp. of Pl.'s Objections to the Mag.'s R & R at 6. Accordingly, plaintiff argues, jail time served in connection with any of the charges that culminated in any of the sentences contributing to this aggregate sentence should be credited against the aggregate sentence.

In plaintiff's case, however, only the maximum term was affected by aggregation. The two-and-a-half year fixed minimum term under which plaintiff was ultimately paroled arose exclusively from the imposition of the 1992 sentence and, therefore, was amenable to diminishment only by jail time plaintiff served "as a result of the charge that culminated in that sentence." N.Y. Penal Law § 70.30(3).

As the New York statute thus makes plain, credit for excess jail time allegedly served in connection with a prior sentence does not partake of the attributes of a tax-loss carry-forward or a depreciating asset. This is because, as the Second Circuit observed in *Bryant v. Warden, Metropolitan Correctional Center of New York City,* 776 F.2d 394, 396 (2d Cir.1985), "[T]he principle that extra time served on a criminal sentence may not be 'banked' is strongly rooted in the public policy that individuals should not be encouraged to commit crimes knowing they have a 'line of credit' that can be applied against future sentences." Put another way, the uncredited jail time served by plaintiff on his 1988 sentence neither entitled him to play a "Get Out of Jail Free" card on his 1992

sentence, nor, when that was denied, to draw from the "Community Chest" in this damages action. Accordingly, plaintiff's Amended Complaint is hereby dismissed.

Clerk to enter judgment.

SO ORDERED.